GEORGE L. PROCTOR, Administrator of the Estate of JOYCE BATTS PROCTOR v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY AND BOBBY F. JONES, Administrator C.T.A. of the Estate of WILLIAM GRAY EDWARDS, JR.

No. 317A92

(Filed 28 January 1994)

1. **Appeal and Error § 551 (NCI4th)— evenly divided court— decision affirmed without precedential value**

Where one member of the Supreme Court recused herself and the remaining members of the Court were evenly divided, the portion of a Court of Appeals decision concerning inter-policy stacking was left undisturbed and without precedential value.

**Am Jur 2d, Appeal and Error §§ 985 et seq.**

PROCTOR v. N.C. FARM BUREAU MUTUAL INS. CO.

[335 N.C. 533 (1994)]

2. **Insurance § 532 (NCI4th) — underinsured motorist coverage — intrapolicy stacking — before 1985 amendment**

A decision of the Court of Appeals allowing intrapolicy stacking was reversed where plaintiff was attempting to stack coverages for his three vehicles under the 1983 version of N.C.G.S. § 20-279.21(b)(4), which was silent on the issue of stacking. Consistent with the rationale of *Lanning v. Allstate Ins. Co.*, 332 N.C. 309, the Supreme Court held that the 1983 version of N.C.G.S. § 20-279.21(b)(4) did not require that the UIM coverages in the same policy be aggregated or stacked. Additionally, no language was found in the policy entitling plaintiff to aggregate or stack the UIM coverages in the same policy.

**Am Jur 2d, Automobile Insurance § 322.**

Justice PARKER did not participate in the consideration or decision of this case.

Appeal by defendant North Carolina Farm Bureau Mutual Insurance Company pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 107 N.C. App. 26, 418 S.E.2d 680 (1992), affirming a judgment entered 17 May 1991 by Strickland, J., in Superior Court, Edgecombe County. Heard in the Supreme Court 14 September 1993.

*Bridgers, Horton, Rountree & Boyette, by Charles S. Rountree, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates & ToNola D. Brown, for defendant-appellant.*

FRYE, Justice.

In this appeal based solely on the dissenting opinion in the Court of Appeals, North Carolina Farm Bureau Mutual Insurance Company [hereinafter Farm Bureau] contends that the Court of Appeals erred (1) in determining that plaintiff is entitled to stack the underinsured motorist [hereinafter UIM] coverage in the policy issued to the named plaintiff (the Proctor policy) with the UIM coverage in the policy issued to Country Manor Antiques (interpolicy stacking); and, (2) in determining that plaintiff is entitled

to stack the UIM coverages on the three vehicles insured in the Proctor policy (intrapolicy stacking).[1]

[1] Justice Parker recused and took no part in the consideration or decision of this case. The remaining members of the Court are equally divided with three members voting to affirm the decision of the Court of Appeals as to interpolicy stacking and three members voting to reverse. Accordingly, that portion of the decision of the Court of Appeals which affirmed the trial court as to interpolicy stacking is left undisturbed and stands without precedential value. *See Nesbit v. Howard*, 333 N.C. 782, 429 S.E.2d 730 (1993).

[2] For the reasons stated hereinafter, we conclude that the Court of Appeals erred as to the issue of intrapolicy stacking. Accordingly, we must reverse that portion of the Court of Appeals' decision.

The circumstances giving rise to this case are as follows: Plaintiff's wife, Joyce Batts Proctor, was killed in a traffic accident on 27 September 1984 while driving a van owned by Country Manor Antiques [hereinafter Country Manor], a partnership in which she was a partner. Mrs. Proctor's death was caused by the negligence of William Gray Edwards, Jr., who was driving the other vehicle involved in the accident. Edwards also died as a result of the accident. His vehicle was covered by a liability insurance policy issued by State Farm Mutual Insurance Company [hereinafter State Farm] which provided maximum liability coverage limits of $25,000 per person and $50,000 per accident. State Farm paid one-third of its $50,000 per accident limit to plaintiff and the remaining amount was paid to other injured parties. In addition, the Edwards estate paid plaintiff one-third of its $10,000 of available assets.

Plaintiff's wife was covered by two automobile insurance policies, both of which were issued by defendant Farm Bureau. One was a business policy issued to Country Manor which provided liability insurance at limits for wrongful death of $100,000 per person and $300,000 per accident, as well as uninsured motorist coverage [hereinafter UM]. The other policy was a personal policy issued to George L. Proctor. The Proctor policy listed Joyce Proctor as

---

1. The decision in this case involves automobile insurance policies issued prior to the 1985 amendment to N.C.G.S. § 20-279.21(b)(4) which was interpreted by this Court to require interpolicy stacking and intrapolicy stacking of UIM coverages. *See Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989).

an insured driver and provided coverage for three vehicles belonging to the Proctors. For each of plaintiff's three vehicles, the Proctor policy provided liability insurance at limits of $100,000 per person and $300,000 per accident as well as UM coverage. Both the Country Manor policy and the Proctor policy recited that UIM coverage would not be provided unless the insured specifically requested it. However, this provision of both policies was contrary to N.C.G.S. § 20-279.21(b)(4) which required that UIM coverage be provided unless it was specifically rejected. Neither plaintiff, plaintiff's decedent, nor Country Manor rejected UIM coverage; therefore, Farm Bureau conceded that UIM coverage was provided in both policies pursuant to subdivision (b)(4).

The parties disagreed as to the appropriate amount of UIM coverage; consequently, plaintiff filed an action on 18 September 1986 asserting a claim against Farm Bureau pursuant to both the Country Manor and Proctor policies. The parties treated the claim as a declaratory judgment action to determine the amount of UIM coverage and filed cross-motions for summary judgment. The motions at that point dealt solely with the Country Manor policy and made no mention of the Proctor policy. The issue before the court was whether the UIM coverage limit was the minimum UIM coverage offered by the insurer ($50,000) or the $100,000 per person limit for liability insurance contained in the Country Manor policy. The trial court granted summary judgment for plaintiff holding that the UIM coverage was equal to the $100,000 per person limit for liability insurance contained in the policy. Farm Bureau appealed to the Court of Appeals which affirmed the trial court by a divided panel. *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 90 N.C. App. 746, 370 S.E.2d 258 (1988). This Court affirmed, with Justice Meyer dissenting. *Proctor v. N.C. Farm Bureau Mutual Ins. Co.* [hereinafter *Proctor I*], 324 N.C. 221, 376 S.E.2d 761 (1989).

After our decision in *Proctor I* was certified to the trial court, plaintiff filed a motion for partial summary judgment in which he contended he was permitted to stack the UIM coverages for the three vehicles listed in the Proctor policy for a total of $300,000 UIM coverage under that policy. Farm Bureau filed a cross-motion for partial summary judgment, contending that plaintiff could not engage in either interpolicy stacking or intrapolicy stacking of UIM coverages. For purposes of the motion hearing only, the parties stipulated that the damages to the estate of Mrs. Proctor exceeded $400,000. The trial court granted plaintiff's motion and denied Farm

Bureau's motion, holding that plaintiff was entitled to stack the coverage from the Proctor policy in both an interpolicy and intrapolicy manner, thus providing an additional $300,000 in total UIM .coverage. The Court of Appeals affirmed by a divided panel. *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 107 N.C. App. 26, 418 S.E.2d 680 (1992). On the issue of intrapolicy stacking, we now reverse.

Both parties acknowledge that the 1983 version of N.C.G.S. § 20-279.21(b)(4) of the Motor Vehicle Safety and Financial Responsibility Act of 1953 is applicable to this issue. Subdivision (b)(4) as written at the time of the accident was silent on the issue of intrapolicy stacking of UIM coverages.

When deciding this issue, the Court of Appeals did not have the benefit of this Court's decision in *Lanning v. Allstate Ins. Co.*, 332 N.C. 309, 420 S.E.2d 180 (1992), which makes it clear that *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989), is not controlling on the issue of stacking of coverages where the applicable statutory language is silent on the issue. In *Lanning*, which dealt with UM rather than UIM coverage, this Court was faced with the question of whether N.C.G.S. § 20-279.21(b)(3) (1985), which was silent on the issue of stacking, required that the UM coverage limits on each of three vehicles insured in a single policy be aggregated or stacked. *Lanning*, 332 N.C. 309, 420 S.E.2d 180. The Court held that it did not. The Court then examined the nature and language of the policy and concluded that intrapolicy stacking of UM coverages was not required.

We conclude that the rationale of *Lanning* requires the same result in the instant case involving statutorily mandated UIM insurance under the 1983 version of N.C.G.S. § 20-279.21(b)(4). We have carefully examined the 1983 version of subdivision (b)(4) and we do not find any language mandating intrapolicy stacking of UIM coverages. In fact, the 1983 version of subdivision (b)(4), like the 1985 version of subdivision (b)(3) examined in *Lanning*, is silent on the issue of stacking. Subdivision (b)(4) provides that "[t]he provisions of subdivision (3) of this subsection shall apply to the coverage required by this subdivision." However, subdivision (3) of subsection (b) of the 1983 version of N.C.G.S. § 20-279.21, like the 1985 version of subdivision (b)(3) at issue in *Lanning*, is also silent on the issue of stacking. Consistent with the rationale of *Lanning*,

we now hold that the 1983 version of subdivision (b)(4) did not require that the UIM coverages in the same policy be aggregated or stacked.

Additionally, as in *Lanning*, we have examined the nature and language of the Proctor policy and we find no language which entitles plaintiff to aggregate or stack the UIM coverages in the same policy. "Part C — Uninsured/Underinsured Motorists Coverage" of the Proctor policy amends "Part C — Uninsured Motorists Coverage" by adding a provision which includes an underinsured vehicle under the definition of "Uninsured Motor Vehicle." Thus, absent other controlling language in the UM/UIM section of the Proctor policy, the "Limit of Liability" provision in "Part C — Uninsured Motorists Coverage" of the policy is applicable and, in the instant case, controlling. That provision is as follows: "The limit of bodily injury liability shown in the Declarations for 'each person' for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident." While the amount shown in the Declarations for UM coverage for each person for bodily injury in the Proctor policy is $25,000, the amount shown in the Declarations for purposes of UIM coverage is effectively amended to $100,000 by virtue of our decision in *Proctor I*. 324 N.C. 221, 226, 376 S.E.2d 761, 764. Thus, $100,000 is the maximum limit of liability of UIM coverage under the Proctor policy for all damages for bodily injury sustained by Mrs. Proctor in the accident in question.

For the reasons stated herein, we conclude that neither the 1983 version of subdivision (b)(4) of N.C.G.S. § 20-279.21 nor the language in the Proctor policy entitles plaintiff to aggregate or stack the UIM coverages on the three vehicles insured in the Proctor policy. Therefore, plaintiff's total UIM coverage under the Proctor policy is limited to $100,000. Accordingly, the decision of the Court of Appeals as to intrapolicy stacking is reversed.

The decision of the Court of Appeals as to interpolicy stacking is affirmed without precedential value by an equally divided Court.

AFFIRMED IN PART; REVERSED IN PART.

Justice PARKER did not participate in the consideration or decision of this case.