GREGORY LEE HUSSEY, Plaintiff v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

No. 9310SC735

(Filed 5 July 1994)

1. **Insurance § 514 (NCI4th)— automobile insurance— intrapolicy stacking of UM coverages not allowed**

    Plaintiff was not entitled to intrapolicy stack the uninsured motorist (UM) coverage of the two vehicles insured by an automobile policy issued prior to the 1991 amendments to N.C.G.S. §§ 20-279.21(b)(3) and (4) where the "limit of liability" clause in the policy clearly indicated that stacking of UM coverage was prohibited.

    **Am Jur 2d, Automobile Insurance §§ 326 et seq.**

    **Limitation of amount of coverage under automobile liability policy as affected by fact that policy covers more than one vehicle. 37 ALR3d 1263.**

    **Combining or "stacking" uninsured motorist coverages provided in single policy applicable to different vehicles of individual insured. 23 ALR4th 12.**

2. **Insurance § 514 (NCI4th)— automobile insurance—separate policies—interpolicy stacking of UM coverages allowed**

    Where plaintiff was injured by an uninsured motorist while riding his motorcycle, insured by defendant under Policy A, plaintiff also owned two vehicles insured by defendant under Policy B, and both policies were issued prior to the 1991 amendments to N.C.G.S. §§ 20-279.21(b)(3) and (4), plaintiff was entitled to interpolicy stack the UM coverages under both policies since (1) the "other insurance" clause in an amendment to Policy A was ambiguous and will not be interpreted as applicable only to underinsured vehicles; (2) the "owned vehicle" exclusion in the uninsured motorist section of Policy B is void as against public policy; and (3) the "other insurance" clause in Policy A was replaced by an endorsement which allows interpolicy stacking.

    **Am Jur 2d, Automobile Insurance §§ 326 et seq.**

**Uninsured motorist insurance: validity and construction of "other insurance" provisions. 28 ALR3d 551.**

**Combining or "stacking" uninsured motorist coverages provided in separate policies issued by same insurer to same insured. 25 ALR4th 6.**

Appeal by plaintiff and defendant from judgment entered 29 April 1993 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 13 April 1994.

*Barrow, Redwine and Davis, by Paul D. Davis; and Kenneth C. Haywood, for plaintiff appellant-appellee.*

*Frazier, Frazier & Mahler, by Torin L. Fury, for defendant appellant-appellee.*

COZORT, Judge.

Plaintiff and defendant appeal the trial court's judgment allowing plaintiff to interpolicy stack uninsured motorist coverage of one insurance policy with coverage in a second policy, but not permitting plaintiff to intrapolicy stack the coverage in the second policy. We affirm.

On 18 April 1991, plaintiff Gregory Lee Hussey was involved in a collision with an automobile while he was riding a motorcycle. The operator of the vehicle which struck plaintiff's motorcycle was uninsured. Plaintiff's motorcycle was insured by defendant State Farm Mutual Automobile Insurance Company (State Farm) through a policy ("Policy A") having uninsured/underinsured motorist limits of $50,000.00 per person, and $100,000.00 per accident. Plaintiff owned a Ford Bronco and Ford Ranger also insured by State Farm under a separate policy ("Policy B"). Policy B had coverage limits with uninsured/underinsured motorist coverage limits of $100,000.00 per person, and $300,000.00 per accident for each vehicle. Both policies were in effect prior to 1991, when amendments were made to the motorist insurance stacking statutory provisions, N.C. Gen. Stat. § 20-279.21(b)(3) and (4). The parties have stipulated that the plaintiff's injuries exceed $250,000.00. Plaintiff filed a declaratory judgment action on 7 April 1992 to determine the rights between the parties. The trial court entered a judgment on 29 April 1993 which concluded that plaintiff could aggregate the $50,000.00 uninsured motorist coverage in Policy A with the $100,000.00 limit of Policy B

for a total of $150,000.00. The trial court disallowed intrapolicy stacking as to Policy B. Both plaintiff and defendant appealed.

[1] Plaintiff contends the trial court erred by failing to permit him to intrapolicy stack the uninsured motorist (UM) coverage of Policy B. The trial court's decision disallowing the aggregation was based on a section of the policy which reads: "If this policy and any other insurance policy issued to you apply to the same accident, the maximum limit of liability for your or a *family member's* injuries shall be the sum of the limits of liability for this coverage under all such policies."

Plaintiff argues the trial court erred in its interpretation of the policy language, contending the coverages in Policy B should have been stacked. Plaintiff cites *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991) to support his argument. In *Smith*, our Supreme Court held the plaintiff could intrapolicy stack underinsured motorist (UIM) coverage. *Smith*, however, applied to UIM rather than UM coverage, distinguishing that case from the case before us.

We find this case is instead controlled by *Lanning v. Allstate Ins. Co.*, 332 N.C. 309, 420 S.E.2d 180 (1992). The *Lanning* case held that N.C. Gen. Stat. § 20-279.21, prior to the 1991 amendments, does not require nor prohibit intrapolicy stacking of UM coverage. The Court in *Lanning* explained, "[w]hen policies written before the 1991 amendments to the Act contain language that may be interpreted to allow stacking of UM coverages on more than one vehicle in a single policy, insureds are contractually entitled to stack." *Id.* at 316, 420 S.E.2d at 185.

Here, a review of the "Limit of Liability" clause in Policy B issued by State Farm indicates clearly that stacking of UM coverage is prohibited. The provision states in pertinent part:

The limit of bodily injury liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages for *bodily injury*, including damages for care, loss of service or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for *bodily injury* resulting from any one accident. . . . This is the most we will pay for *bodily injury* . . . regardless of the number of:

1. *Insureds;*

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident. (Emphasis in original).

Accordingly, the trial court was correct in refusing to permit plaintiff to stack the UM coverage of the two vehicles covered by Policy B.

**[2]** We next turn to the issues defendant raises on appeal. First, defendant claims the trial court erred in finding the "Other Insurance" clause in an amendment to Policy A is applicable only to underinsured vehicles. The amendment provides in pertinent part:

> With respect to damages you or a **family member** are legally entitled to recover from the owner or operator of an **uninsured motor vehicle** as defined in Section 5 of the definition of an **uninsured motor vehicle**, the first paragraph of the Other Insurance provision is replaced by the following:

> If this policy and any other insurance policy issued to you apply to the same accident, the maximum limit of liability for your or a **family member's** injuries shall be the sum of the limits of liability for this coverage under all such policies. (Emphasis in original.)

The trial court found that the policy language is ambiguous and rejected State Farm's interpretation that the clause applied only to underinsured vehicles. We agree with the trial court that the "Other Insurance" language is unclear as to whether the replacing paragraph was intended to apply solely to UIM coverages.

> The various terms of the policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect. If, however, the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder.

*Woods v. Insurance Co.*, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978). Accordingly, defendant's argument as to this issue is overruled.

Next, defendant claims the trial court erred in failing to hold that an exclusion in the UM coverage section of Policy B prohibited coverage and stacking under that policy. The exclusion reads:

A. We do not provide Uninsured Motorists Coverage for **property damage or bodily injuries** sustained by any person:

\* \* \* \*

7. While **occupying** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

We reject defendant's argument and find coverage under Policy B.

The "owned vehicle" exclusion is clear and unambiguous, however, the exclusion's effect renders it void against public policy. The effect of the exclusion, to deny coverage to an injured person who is a named insured, is contrary to the purpose underlying the North Carolina Financial Responsibility Act. "The avowed purpose of the Financial Responsibility Act . . . is to compensate the innocent victims of financially irresponsible motorists." *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989) (citing *American Tours, Inc. v. Liberty Mut. Ins. Co.*, 315 N.C. 341, 346, 338 S.E.2d 92, 96 (1986)). The exclusion works to deny UM protection to Class I insureds, thereby subverting the legislative policies articulated in the Financial Responsibility Act. Plaintiff, and other insureds, should not be penalized for being involved in an accident while operating their own vehicles.

We are persuaded in reaching this result by decisions in other jurisdictions which have found similar "owned vehicle" or "homeowners vehicle" exclusions null and void. *See, e.g., Bradley v. Mid-Century Ins. Co.*, 409 Mich. 1, 294 N.W.2d 141 (1980); and *Calvert v. Farmers Ins. Co. of Arizona*, 144 Ariz. 291, 697 P.2d 684 (1985). If we were to allow the exclusion to apply, an insured who has paid premiums for UM coverage would be denied coverage completely under the policy. We therefore agree the trial court did not err in allowing coverage under Policy B, as the "owned vehicle" exclusion is void against public policy.

Finally, defendant contends the trial court erred in determining that the "Other Insurance" clause in the endorsement was intended to replace the anti-stacking language in Section C of Policy A, thereby allowing interpolicy stacking of Policy A with Policy B. As noted earlier, the endorsement reads as follows: "If this policy and any other insurance policy issued to you apply to the same accident, the maximum limit of liability for your or a **family member's** injuries shall be

the sum of the limits of liability for this coverage under all such policies." This Court has held that if an "Other Insurance" clause in a policy prohibits stacking, the insured may not stack policies. Conversely, where an "Other Insurance" clause allows stacking, the insured may engage in interpolicy stacking. *Dungee v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 599, 424 S.E.2d 234, *disc. review denied*, 333 N.C. 537, 429 S.E.2d 555 (1993). Here, the "Other Insurance" clause was replaced by the endorsement which allows interpolicy stacking. The replacement paragraph applies to UM coverage, and thus supports interpolicy stacking between Policy A and Policy B. As a result, plaintiff is entitled to aggregate the $50,000.00 UM limits of Policy A with the $100,000.00 UM limits of Policy B for a total coverage of $150,000.00.

The trial court's judgment is

Affirmed.

Judges ORR and MARTIN concur.