REBECCA SUMNER WOODS Executrix of the Estate of John C. Woods, Deceased v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 67

(Filed 29 August 1978)

1. **Insurance § 6.1— construction of policy**

Where an insurance policy defines a term, that definition is to be used in construing the policy; if no definition is given, nontechnical words are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning was intended.

2. **Insurance § 6.1— construction of policy**

The various terms of an insurance policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect. If, however, the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder, but if the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written.

3. **Insurance § 68.8— family automobile policy—three automobiles—injury to nonrelative driving owned automobile—medical payments provision—recovery only for occupied vehicle**

Where a family automobile policy covering three automobiles provided medical payments coverage for nonrelatives of the named insured for bodily injury "caused by accident, while occupying the owned automobile" with the permission of the named insured, a nonrelative who was injured while driving an "owned automobile" was not entitled to recover the $1,000 medical payments limit for each automobile for which separate premiums had been paid but could recover only up to the $1,000 limit for the owned automobile she *occupied* at the time of the collision, notwithstanding the policy contained a clause stating that the terms thereof "apply separately" to each automobile insured therein.

4. **Insurance § 68.8— family automobile policy—two automobiles—injury to family member—medical payments provision—recovery for each insured automobile**

Where a family automobile policy covering two automobiles provided medical payments coverage to the named insured and his relatives for bodily injury "caused by accident while occupying or being struck by an automobile," and the policy provided that the terms thereof "apply separately" to each automobile insured therein, an insured who paid medical bills for a family member injured in an automobile accident in excess of the $500 coverage provided for each insured automobile was entitled to stack or aggregate the medical payments coverage for which he qualified up to the $500 limit for each car on which he paid a premium, notwithstanding the policy also provided that the insurer's liability for one accident was limited to $500 per person.

On petition for discretionary review of the decision of the Court of Appeals (reported without published opinion in 31 N.C. App. 156, 228 S.E. 2d 785 (1976) ), which affirmed the judgment in

favor of defendant entered by *Long, J.*, at the 16 February 1976 Session of GUILFORD Superior Court. Docketed and argued as case No. 42 at the Spring Term 1977.

Plaintiff's intestate, John C. Woods (Mr. Woods), instituted this action on 26 January 1974 to recover sums allegedly due him under the medical payment provisions of two separate family automobile policies issued by defendant, Nationwide Insurance Company. Mr. Woods died on 6 August 1975, and on 15 September 1975 his executrix, Rebecca Sumner Woods, was substituted as plaintiff in this action. The facts in the case were stipulated. The questions before the Court involved the proper interpretation of the medical payment provisions of defendant's two policies.

On 27 April 1973 Mr. Woods' daughter, Cynthia Woods, was severely injured while she was driving a Volkswagen automobile belonging to Harold Lee Spencer (Spencer). In consequence Mr. Woods incurred hospital, medical, and other related expenses for his daughter in an amount in excess of $4,000. The Volkswagen was one of three automobiles owned by Spencer, all of which were covered by Family Automobile and Comprehensive Liability Policy No. 61B 323-248 (Spencer policy) issued to him by defendant. Mr. Woods was the "named insured" in Family Automobile and Comprehensive Liability Policy No. 61B 130-165 (Woods policy) issued to him by defendant. This policy covered two automobiles owned by Mr. Woods.

At the time of Miss Woods' accident both the Spencer policy and the Woods policy were in full force and effect and both "named insureds" had performed all the conditions of their respective policies. As executrix of Mr. Woods' estate, plaintiff sues to recover from defendant the sum of $4,000 — $3,000 under the medical payments provision of the Spencer policy and $1,000 under the Woods policy.

The declarations page of the Spencer policy shows various coverages for the three different automobiles, including the 1961 Volkswagen in which Miss Woods was injured. The first paragraph of this page provides: "The insurance afforded is only with respect to such of the following coverages for the indicated automobile for which a specific premium is shown. The limit of the Company's liability under each such coverage and for the indicated automobile shall be as stated herein, subject to all the terms of this policy having reference thereto."

The coverage with which we are concerned is "Medical Payments each Person." Following this designation there are two columns for each vehicle. The first column is headed "Limits of Liability" and the second column is headed "Premiums." In these two columns under each automobile appear, respectively, "$1,000" and "INCL." The letters "INCL" appear in the Premiums column for each automobile and for every coverage provided. The insured paid a separate premium for each type of coverage for each automobile but the amount is not specified. The complaint simply alleges that the amount of premiums paid for the medical payments coverage was "unknown."

Subsequent provisions of the Spencer policy pertinent to this appeal are the following:

"Nationwide Mutual Insurance Company agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

\* \* \*

"PART III—EXPENSES FOR MEDICAL SERVICES

"Coverage G—Medical Payments—Automobile

. . .

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1—to or for the Named Insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident,

   (a) while occupying the owned automobile,

   (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

(c) through being struck by an automobile or by a trailer of any type;

"Division 2—to or for any other person who sustains bodily injury caused by accident, while occupying

(a) the owned automobile, while being used by the Named Insured, by any resident of the same household or by any other person with the permission of the Named Insured; or . . .

\* \* \*

"*Definitions*

" 'Owned automobile' means

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, . . .

\* \* \*

" 'Non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the Named Insured or any relative, other than a temporary substitute automobile;

\* \* \*

"*Limit of Liability*

"The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury, sickness or disease as the result of any one accident.

\* \* \*

"CONDITIONS

\* \* \*

"4. Two or More Automobiles (Coverages A, B, C, D, E and G)

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. . . ."

Under the schedule of coverages, the Spencer policy provides for "coverage G—medical payments—$1,000 each person."

The declaration page of the Woods policy, which covers Mr. Woods' two vehicles, varies from the Spencer policy as to the vehicles covered and the amount of the coverage. With reference to "automobile medical payments, each person," this page shows that separate premiums were paid for this type of coverage on each of the two vehicles, with a limit of liability on each vehicle of $500 for each person.

To recover on the Woods policy plaintiff relies upon the following provisions:

"PART III—EXPENSES FOR MEDICAL SERVICES

"Coverage G—Medical Payments—Automobile

. . .

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1—to or for the Named Insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile;

\*     \*     \*

"*Limit of Liability*

"The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury, sickness or disease as the result of any one accident.

\*     \*     \*

"CONDITIONS

"4. Two or More Automobiles (Coverages A, B, C, D, E, and G)

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. . . ."

Defendant has admitted liability to plaintiff under the Spencer policy for the payment of $1,000 and under the Woods policy for $500. These amounts have been paid to the plaintiff without prejudice to the plaintiff's right to maintain this action. Plaintiff brought this suit to compel payment of an additional $2,000 under the Spencer policy and an additional $500 under the Woods policy.

The trial judge heard the case without a jury, found the facts, which were undisputed, and adjudged that plaintiff is entitled to recover nothing from defendant. On appeal the Court of Appeals affirmed, and we allowed certiorari.

*Bencini, Wyatt, Early & Harris by William E. Wheeler for plaintiff-appellant.*

*Young, Moore, Henderson & Alvis by B. T. Henderson II and Joseph C. Moore III; Robert R. Gardner, of Counsel, for defendant appellees.*

SHARP, Chief Justice.

Condition 4 of both the Spencer and Woods policies provides that the medical provisions of Part III "apply separately" to each automobile insured therein. Relying upon this provision plaintiff contends that as to each policy she is entitled to treat the applicable limit on medical payments liability as applying to each car for which separate premiums have been paid, and to compute the amount recoverable by multiplying the respective liability limitation by the number of "owned automobiles." Thus, she argues, she is entitled to payments of $1,000 for each of the three cars covered by the Spencer policy and $500 for each of the two cars named in the Woods policy, a total of $4,000. Conceding its liability for $1,000 and for $500 under the respective policies, defendant has paid plaintiff $1,500. She now seeks to recover the $2,500 she contends is still owing.

[1, 2] The general principles of construction employed to divine the meaning of an insurance contract are well summarized in *Wachovia Bank & Trust Company v. Westchester Fire Insurance Company,* 276 N.C. 348, 354-55, 172 S.E. 2d 518, 522-23 (1970), a case in which the parties argued contentions very similar to those of the parties in this case. As with all contracts, the goal of construction is to arrive at the intent of the parties when the policy was issued. Where a policy defines a term, that definition is to be

used. If no definition is given, non-technical words are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning was intended. The various terms of the policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect. If, however, the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder. Whereas, if the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein. Plaintiff's appeal must be considered with these principles of construction in mind.

In its unpublished decision the Court of Appeals accepted the defendant's contention that this case is controlled by *Wachovia Bank & Trust Company v. Westchester Fire Insurance Company,* supra (hereinafter cited as *Wachovia v. Insurance Co.*) and concluded that "the judgment appealed from is consistent with the holding . . . in that case. . . ." Accordingly, it affirmed the trial court. Plaintiff apparently concedes the application of *Wachovia v. Insurance Co.* to the interpretation of the Spencer policy, but urges this Court to reconsider that opinion. She also contends that the policy provision construed in *Wachovia v. Insurance Co.* is entirely different from the one in the Woods policy under which she claims. We will consider each of these arguments in turn.

[3] Although the Spencer policy is practically identical with the one construed by this Court in *Wachovia v. Insurance Co.*, a brief review of that case will demonstrate that it need not be ·reconsidered to resolve plaintiff's claim under the Spencer policy. In *Wachovia v. Insurance Co.* the plaintiff was the administrator of the estate of Herbert Barnes, the named insured to whom defendant Westchester Fire Insurance Company had issued a comprehensive automobile policy covering two vehicles, a Pontiac automobile and a Ford pickup truck. Separate premiums were paid for the coverage on each vehicle and both qualified as "owned automobiles" within the meaning of the policy. A provision of that policy purported to limit medical payments liability to $5,000, but it also included an "apply separately" clause (Condition 4 in that policy too).

Barnes died from injuries received in a head-on collision with another vehicle while he was driving the "named" Pontiac. In a suit on the medical payment provisions of the policy the plaintiff, Barnes' executor, argued that the "apply separately" language could reasonably be construed as creating two independent, identical contracts for each vehicle for which separate premiums had been paid, and that the limitation provision applied separately to claims under each of these contracts. Had Barnes had two separate policies identical to the one issued by that defendant, he would have qualified under Division 1 of each of those contracts for medical payments coverage, thus the plaintiff there sought to aggregate, or "stack," the limitation provisions so as to render the defendant liable for the sum of the medical payments protection provided by each hypothetical policy. This Court rejected the independent contract construction on the facts of that case.

The faulty reasoning underlying plaintiff's claim under the Spencer policy can best be demonstrated by assuming, *arguendo*, that in *Wachovia v. Insurance Co.* this Court had adopted the construction of the "apply separately" clause put forward by the plaintiff in that case, that is, that the "apply separately" provision created independent identical contracts for each car for which separate premiums had been paid. On the facts in this case Cynthia Woods was neither the "named insured" nor his relative. She was, however, operating the Volkswagen, with the permission of the "named insured." Further, the Volkswagen, by virute of the separate premiums paid, was an "owned automobile" within the meaning of the Spencer policy.

Under Division 2, subsection (a) of this contract, defendant agreed to extend medical payments coverage to nonrelatives of the "named insured" for bodily injury "caused by accident, *while occupying the owned automobile*" with the permission of the "named insured." (Emphasis added.) Thus, the coverage extended by this provision is explicitly limited to that purchased for the "owned automobile" *occupied* at the time of collision. One cannot construe this language to mean that nonrelatives receive protection by virtue of the premiums paid for the other vehicles mentioned in the policy which were not occupied by the injured party. There is nothing ambiguous about this language; it ties coverage to specific vehicles. Plaintiff, therefore, is not entitled to collect additional payments under the Spencer policy.

*Wachovia v. Insurance Co.* has no application to plaintiff's claim under the Spencer policy. Had Spencer obtained three

separate, identical insurance policies for each of his vehicles, still claimant could recover medical payment expenses only under the Volkswagen policy up to the applicable limit of $1,000. She could *not qualify* for coverage under the policies issued for the other cars for the simple reason she could occupy only one owned automobile at a time. Hence, no issue of limitation would arise as to those claims. Plaintiff here has overlooked this distinction between qualifying for coverage under a policy in the first instance, and being bound by subsequent limitations imposed upon the coverage extended.

[4]   Cynthia Woods' relationship to the "named insured" in the two policies involved here is quite different, and different policy provisions bear upon her right to medical payments. As a member of the "named insured's" family within the meaning of the Woods policy (Part III, Coverage G, Division 1), Cynthia Woods was entitled to medical payments for bodily injury "caused by accident while occupying or being struck by *an* automobile." (Emphasis added.) Clearly, this provision does not tie coverage for her medical payments to a specific vehicle.

Since the medical payments coverage purchased for each of Woods' two vehicles also extended medical coverage to a family member accidentally injured while occupying a non-owned automobile, it would be impossible to attribute liability for medical payments coverage to either car to the exclusion of the other. Obviously, each premium which was paid for medical coverage under the Woods policy bought the same protection with respect to accidental injuries sustained by a family member while occupying a non-owned automobile. Where coverages derived from two separate premiums overlap so completely, and where the provisions of the policy are said to "apply separately" to each vehicle insured, the policyholder may reasonably conclude that his double payment of premiums provides double coverage. Otherwise, he would receive no consideration for his second premium.

"The test in construing the language of the contract [an insurance policy] is not what the insurer intended the words to mean, but what a reasonable person in the position of the insured would have understood them to mean." *Marriott Financial Services, Inc. v. Capitol Funds, Inc.*, 288 N.C. 122, 143, 217 S.E. 2d 551, 565 (1975). The natural construction of the language of the Woods policy is that when a member of the insured's family is injured in an automobile accident, and the insured has paid medical bills in excess of the coverage provided for each insured

automobile, he is entitled to stack or aggregate the medical payments coverage for which he qualifies up to the limit for each car on which he has paid a premium.

In reaching the conclusion that plaintiff is entitled to the benefit of the medical coverage provided for each vehicle named in the Woods policy we are not unmindful of its limitation of liability provision, which states that the insurer's liability for one accident shall not exceed $500 per person. This language, when read in conjunction with the "apply separately" clause, becomes ambiguous. As pointed out above, this ambiguity is particularly evident when a "Division 1" beneficiary sustains injuries while occupying a non-owned automobile. Suppose, for example, that the named insured had purchased medical payments coverage in varying amounts for multiple vehicles named in a single policy. In such a case it would be impossible to determine the applicable limitation when, as here, the family member is injured while occupying a non-owned vehicle and neither of the owned vehicles is involved. Absent express language in the policy that the "per accident" limitation applies without regard to the number of vehicles covered by the policy, the ambiguity must be resolved against the insurer, who drew up the contract. *Duke v. Mutual Life Ins. Co.*, 286 N.C. 244, 210 S.E. 2d 187 (1974). Since it is stipulated that plaintiff has complied with all the conditions precedent to recovery under the Woods policy, we therefore hold that she is entitled to collect medical payments for each car on which her testate paid premiums.

This holding does not conflict with the result in *Wachovia v. Insurance Co.* Although in that case we also analyzed the extent of coverage under "Division 1" provision relating to members of the "named insured's" family, the language in that contract (identical to Division 1 of the Spencer policy) differs markedly from that employed in the Woods policy. In rejecting the plaintiff's argument in *Wachovia v. Insurance Co.* that the "apply separately" clause should be construed as creating independent contracts for the vehicles for which separate premiums had been paid, we specifically distinguished cases from five other jurisdictions which had allowed the "stacking" of medical payments claims under policies whose coverage "was afforded to the policyholder and members of his family 'while occupying or through being struck by an automobile.' " 276 N.C. at 360, 172 S.E. 2d at 526. *See Kansas City Fire and Marine Ins. Co. v. Epperson*, 234 Ark. 1100, 356 S.W. 2d 613 (1962); *Government Employers Ins. Co. v. Sweet*, 186

So. 2d 95 (Fla. App. 1965); *Travelers Indemnity Co. v. Watson*, 111 Ga. App. 98, 140 S.E. 2d 505 (1965); *Southwestern Fire and Casualty Co. v. Atkins*, 346 S.W. 2d 892 (Tex. Civ. App. 1961); *Central Surety and Indemnity Corp. v. Elder*, 204 Va. 192, 129 S.E. 2d 651 (1963). The basis for distinguishing the policy involved in *Wachovia v. Insurance Co.* from those construed by the other courts was that in the latter, there was "'no way to relate coverage to either' automobile of the policyholder. . . ." *Id.* at 360, 172 S.E. 2d at 526. By contrast, the terms of the policy in *Wachovia v. Insurance Co.* tied coverage to the specific car which the injured family member was *occupying* at the time of the accident. When, as in the Woods policy, no such limitation appears in Division 1 of the policy being construed, the reasoning of the courts in the cases cited above is persuasive.

The judgment of the Court of Appeals affirming the judgment of the Superior Court that "plaintiff recover nothing from defendant in his action" is affirmed as it relates to the claim under the Spencer policy; it is reversed as it relates to the claim under the Woods policy. This cause will be remanded to the Superior Court of Guilford County, High Point Division, for the entry of judgment that plaintiff recover of defendant the additional sum of $500, plus interest and costs.

Affirmed in part;

Reversed in part.