An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-811

Filed 6 May 2026

Wake County, No. 23CV027546-910

ALBERT R. MUNN III,
             Plaintiff,

        v.

MELINDA M. ROSE & ALAN W. ROSE,
              Defendants.

Appeal by plaintiff from order entered 3 February 2025 by Judge John W. Smith in Wake County Superior Court. Heard in the Court of Appeals 10 March 2026.

> *Bagwell Holt Smith P.A., by Michael S. Harrell, and Hayes Law Offices, PLLC, by Mark Hayes, for plaintiff-appellant.*

> *Villmer Caudill, PLLC, by Bo Caudill and Megan E. Cobb, for defendants-appellees.*

ZACHARY, Judge.

Plaintiff Albert R. Munn, III, appeals from an order denying his breach of contract claims and dismissing his complaint. After careful review, we affirm the order of the trial court.

I.    **Background**

Plaintiff and Defendant Melinda M. Rose are two of the five children of Decedent Patricia Munn; Defendant Alan W. Rose is married to Defendant Melinda M. Rose. Following the death of Decedent's husband in 2014, Decedent became the sole owner of 5.507 acres of real estate in Mecklenburg County, North Carolina ("the Shaftesbury property"). Decedent resided at the Shaftesbury property until she moved to an assisted living facility; Defendants resided at the Shaftesbury property both prior to and following Decedent's move.

On 20 February 2019, Decedent "executed a non-warranty deed for the Shaftesbury property to herself and . . . [D]efendants as tenant[s] in common." On 6 September 2019, Decedent executed her Revocable Trust, in which she directed that upon her death, all her interest in the Shaftesbury property be distributed to Defendants, if they survived her. That same day, Defendants signed nearly identical promissory notes in favor of Decedent's other children.

Plaintiff's promissory note provided that "[i]f [the Shaftesbury property] is sold on or before ten (10) years from the date of this [promissory n]ote, the Principal Amount of this [promissory n]ote shall be seventeen percent (17%) of the sum equal to the net proceeds from the sale of [the Shaftesbury property]." However, the promissory note contained a clause which specified "that the Principal Amount plus interest thereon is payable to [Plaintiff] *only if* [Defendants] survive [Decedent]." (Emphasis added).

On 30 March 2023, Decedent and Defendants sold the Shaftesbury property for $1 million; the net proceeds were $532,099.41, of which Decedent received half and Defendants received half. On 19 June 2023, Plaintiff delivered a letter to Defendants demanding "17% of the net proceeds" of the sale of the Shaftesbury property and "2.21% compounded interest on that amount over the last four years." Plaintiff also demanded that Defendants freeze all proceeds from the sale in their possession. Defendants responded that "the [promissory n]ote is [n]ull and [v]oid and [Plaintiff]'s demand for payment is invalid" and quoted the survivorship clause of the promissory note.

Decedent died in July 2023. Following a second unsuccessful demand for payment, Plaintiff filed a complaint against Defendants in Wake County District Court on 28 September 2023, seeking "the Amount Due under the [promissory n]ote, plus interest at 2.21% per annum" on the basis that "Defendants [had] failed and refused, and continue[d] to fail and refuse, to meet their obligations under the contract and [had] breached the contract." Defendants filed their answer, affirmative defenses, and motion to transfer on 8 December 2023, alleging, *inter alia*, that "[o]ne or more conditions precedent to the existence of any debt obligation between Defendants and Plaintiff has failed to occur." Defendants further moved the court to transfer the matter to Wake County Superior Court, which the court granted in an order entered on 8 January 2024.

On 26 January 2025, this matter came on for bench trial in Wake County Superior Court. On 3 February 2025, the trial court entered its order, in which it found "that the obligation mature[d] on one of only two dates: on the tenth anniversary [of the promissory note] or on the closing date of the sale of the [Shaftesbury] property." The court concluded that Plaintiff had "failed to prove either that there were no conditions precedent to the obligation for payment or that any conditions precedent had been satisfied." Additionally, the court determined that "[t]here was never a meeting of the minds as to any obligation for payment if the [Shaftesbury] property was sold before the death of [Decedent] or before . . . [D]efendants acquired sole ownership in the [Shaftesbury] property" and that "the provision fail[ed] to address the factual situation that ultimately evolved." The court concluded that "[b]ecause the [Shaftesbury] property was sold before the death of [Decedent], there existed no contractual obligation for payment at any time." Thus, the court denied Plaintiff's claims and dismissed his complaint.

Plaintiff gave timely notice of appeal.

## II. Discussion

Plaintiff raises four issues on appeal: 1) that "the trial court erred in failing to enforce the [promissory] note's plain language permitting [Plaintiff]'s enforcement of the [promissory] note against [Defendants]"; 2) that "to the extent [that] the [promissory note's] language . . . is ambiguous," the trial court erred in failing to construe the language "against its proponents"; 3) that Finding of Fact 33 was not

supported by competent evidence and formed the basis of "the court's legal interpretation" as to whether there was a meeting of the minds; and 4) that "many of the trial court's 'factual findings' [were] not supported by competent evidence or constituted mixed findings of law and fact not binding upon this Court." After careful review, we determine that the promissory note's language was plain and unambiguous and that the trial court correctly concluded that the condition precedent to Defendants' obligation failed to materialize. Therefore, Defendants did not breach a contractual duty by refusing to pay Plaintiff.

**A. Standard of Review**

"When reviewing a judgment from a bench trial, our standard of review is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *S. Seeding Serv., Inc. v. W.C. English, Inc.*, 217 N.C. App. 300, 303, 719 S.E.2d 211, 214 (2011) (cleaned up). "Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." *Town of Green Level v. Alamance Cty.*, 184 N.C. App. 665, 669, 646 S.E.2d 851, 854 (citation omitted), *disc. review denied*, 361 N.C. 704, 655 S.E.2d 402 (2007). "We review de novo the trial court's conclusions of law." *Id.* (italics omitted).

**B. Plain Language of the Contract**

We first address Plaintiff's argument that "the trial court erred in failing to enforce the [promissory] note's plain language permitting [Plaintiff]'s enforcement of

the [promissory] note against [Defendants]." We conclude that the plain and unambiguous language of the promissory note included a condition precedent that failed to occur, leaving Defendants with no obligation to pay Plaintiff.

"North Carolina law requires a court to interpret a contract by examining its language for indications of the parties' intent at the moment of execution." *Fairview Devs., Inc. v. Miller*, 187 N.C. App. 168, 171, 652 S.E.2d 365, 367 (2007), *disc. review denied*, 362 N.C. App. 176, 658 S.E.2d 484 (2008). "We determine the intent of the parties and the nature of an agreement by the plain meaning of the written terms." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 7, 802 S.E.2d 888, 892 (2017) (cleaned up). "If the meaning of the contract is clear and only one reasonable interpretation exists, the courts must enforce the contract as written." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 559, 681 S.E.2d 770, 774 (2009) (cleaned up).

The parties' dispute primarily concerns the interpretation of two clauses in the promissory note and the interplay between those clauses. The first of these states: "the Principal Amount plus interest thereon is payable to [Plaintiff] only if [Defendants] survive [Decedent]." The second clause provides that "[t]he entire Principal Amount . . . shall be due and payable on the earlier of (i) ten (10) years from the date of this [promissory n]ote and (ii) the closing date on the sale of [the Shaftesbury property]."

Neither party challenges the court's determination that the first clause—"that the Principal Amount plus interest thereon is payable . . . only if [Defendants] survive

[Decedent]"—is a condition precedent. "A condition precedent is a fact or event, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available." *Parrish Tire Co. v. Morefield*, 35 N.C. App. 385, 387, 241 S.E.2d 353, 355 (1978) (cleaned up).

According to Plaintiff, "the survivor condition precedent turns on whether [Defendants] outlive [Decedent]"; until Defendants or Decedent died, the "condition precedent remain[ed] pending." He further reasons that when the Shaftesbury property was "sold, the [promissory] note had not yet matured, since the survivor condition precedent had not yet been satisfied." Plaintiff contends that the promissory note matured on the date of Decedent's death, at which time Defendants became obligated to pay him.

The parties agree that Defendants' obligation to pay Plaintiff was dependent upon the condition that they survive Decedent and that when Decedent and Defendants sold the Shaftesbury property, Defendants had no obligation to pay Plaintiff because Decedent was alive. But Plaintiff mistakenly assumes that the promissory note would mature in the future, upon Decedent's death, contending that the promissory note "must only fail if the ten-year/house sale date is the only date for possible maturity" and that alternative dates of maturity are permissible.

Plaintiff cites the promissory note's default provision in support of his contention that the promissory note permits alternative dates of maturity. The

default provision states that "all obligations . . . become immediately due and payable [if] . . . the holder hereof in good faith deems itself insecure for any reason or believes that the prospect of payment by the undersigned . . . is impaired." However, the default provision does not allow an alternative date of maturity; instead, it provides for the acceleration of maturity under limited circumstances to which the parties agreed. *See Real Time Resols., Inc. v. Cole*, 293 N.C. App. 632, 636, 902 S.E.2d 269, 272 (2024) ("An acceleration is the advancing of a loan agreement's maturity date so that payment of the entire debt is due immediately." (cleaned up)).

Just as the parties agreed to the default provision, they agreed to one date of maturity in the absence of the application of the default provision: the earlier of ten years from the date of the promissory note and the sale of the Shaftesbury property. To conclude that the promissory note matured on a date not specified in the promissory note would render the contractual provision meaningless, counter to the instruction of our Supreme Court that contracts must be enforced as written. *See Turner,* 363 N.C. at 559, 681 S.E.2d at 774.

Any obligation under the terms of the promissory note was subject to the condition precedent that Defendants survive Decedent. In that the condition precedent had not occurred on the sole date of possible maturity—when Decedent and Defendants sold the Shaftesbury property—Defendants were not bound by the promissory note to pay Plaintiff.

Because "the meaning of the contract is clear and only one reasonable

interpretation exists," we "must enforce the contract as written." *Id.* (cleaned up). We conclude that the condition precedent to the obligation for payment was not satisfied, and that Plaintiff therefore "failed to prove any breach of the contract that would entitle him to any relief."

## C. Plaintiff's Remaining Issues

Plaintiff also raises issues concerning the potential ambiguity of the promissory note's language and whether certain findings were supported by competent evidence or were mixed findings and conclusions of law. However, Plaintiff states that if the promissory note's "plain language allows for resolution, then other arguments . . . are in the alternative and cannot be reached by this Court." At oral argument, Plaintiff reiterated this assertion, and counsel for Defendants specifically conceded that we would not need to reach the remaining issues if we were to conclude that the language of the promissory note was unambiguous. As we have determined that the language of the promissory note is unambiguous, we need not address the other issues raised by Plaintiff on appeal.

## III. Conclusion

The trial court properly determined that under these facts, Plaintiff failed to prove a breach of contract. Accordingly, we affirm the trial court's order.

AFFIRMED.

Chief Judge DILLON and Judge COLLINS concur.

Report per Rule 30(e).